# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR224 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| NATANAEL GALLARZO-MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 30) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress (Filing No. 19) filed by the Defendant, Natanael Gallarzo-Martinez, be granted as to all statements made by the Defendant after he identified himself as "Chris." No objections have been filed. Under 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the record and adopts the Findings and Recommendation in their entirety.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

The facts are contained in the record of the suppression hearing. (Filing No. 33, at 36-39.) I have considered prior similar cases involving Immigration and Customs Enforcement ("ICE") agents performing investigations in workplaces. *United States v. Yuridia Crisanto-Angelito,* 8:11CR163 (D. Neb. Sept. 14, 2011) (adopting Judge Thalken's

Report and Recommendation and denying the Defendant's motion to suppress) *United States v. Rosaura Carillo-Velasquez,* 8:10CR80 (D. Neb. Oct. 14, 2010) (adopting Magistrate Judge Thomas D. Thalken's Findings and Recommendation and denying the motion to suppress statements, concluding that Carillo-Velasquez was not detained during the initial questioning and the initial questions regarding Carillo-Velasquez's name and country of origin were routine).

Differences exist, however, with respect to the facts of those cases and the instant case. In the instant case, Gallarzo-Martinez's motion is premised only on Fifth Amendment grounds. Moreover, in the instant case it was clear that Gallarzo-Martinez was individually sought out after failing to appear upon request, and once approached he was not free to leave at least until he revealed his identity. After careful consideration, the Court concludes that the facts in this case require that Gallarzo-Martinez's statements after he identified himself as "Chris" be suppressed.

IT IS ORDERED:

1.    The Magistrate Judge's Findings and Recommendation (Filing No. 30) are adopted; and

2.    The Defendant's motion to suppress (Filing No. 19) is granted as to all statements made by the Defendant after he identified himself as "Chris."

DATED this 20th day of December, 2011.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

2